IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JEAN PAUL THIEL                                                            PLAINTIFF

          v.                     Civil No. 4:07-cv-04004

WARDEN GRIFFEN; NURSE
PENNY; NURSE BRENDA; and
DR. JERRY STRINGFELLOW                                                  DEFENDANTS

## O R D E R

On May 4, 2007, a show cause order (Doc. 14) was entered giving defendants Warden Griffen and Nurse Penny until May 21, 2007, to show cause why default should not be entered against them. They filed a response to the show cause order (Doc. 15) and a motion for leave to file an answer out of time (Doc. 16). The court notes that these documents reflect that Nurse Penny's last name is Nichols. **The clerk is directed to note on the docket sheet that correct name of this defendant is Nurse Penny Nichols.**

In the motion for leave to file an answer out of time, Warden Griffen and Nurse Nichols state that through administrative oversight they failed to notify counsel that they had been served with a summons and complaint. Pursuant to Rule 6(b) of the Federal Rules of Civil Procedure, the court may enlarge the time provided by the rules to, among other things, answer a complaint. If the time provided in the applicable rule, here the 20 days set forth in Rule 12(a)(1)(A) of the Federal of Civil Procedure, has expired, the court may extend the time allowed "where the failure to act was the result of excusable neglect." Fed. R. Civ. P. 6(b). In other words, the court has the authority to allow late filings when the moving party demonstrates excusable neglect.

The excusable neglect standard was discussed in the case of *Welch & Forbes, Inc. v. Cendant Corp.*(*In re Cendant Corp. Prides Litigation*), 233 F.3d 188, 196 (3d Cir. 2000). The court said:

In *Pioneer Inv. Servs. v. Brunswick Assoc. Ltd. Partnership,* 507 U.S. 380, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993), the Supreme Court held that the rule authorizing courts to accept late filings where the failure of a party to act is the result of "excusable neglect" contemplates that courts are permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond a party's control. At the outset, the Supreme Court pronounced that the inquiry is essentially equitable, and necessitates considering a situation's totality:

> Because Congress has provided no other guideposts for determining what sorts of neglect will be considered "excusable," we conclude that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.

*Welch*, 233 F.3d at 196 (*quoting Pioneer*, 507 U.S. at 395).

The court is afforded great leeway in granting or refusing enlargements of time under Rule 6.

*See e.g., Maldonado-Denis v. Castillo-Rodriguez*, 23 F.3d 576, 584 (1st Cir. 1994). I believe Warden Griffen and Nurse Nichols have demonstrated excusable neglect. Accordingly, the motion to file an answer out of time is granted. Warden Griffen and Nurse Nichols are given until the **close of business on May 21, 2007,** to file their answer.

IT IS SO ORDERED this 15th day of May 2007.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE