IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION


JEAN PAUL THIEL                                                                               PLAINTIFF

      v.                              Civil No. 4:07-cv-04004

WARDEN GRIFFEN; NURSE
PENNY NICHOLS; NURSE
BRENDA PHILLIPS; and
DR. JERRY STRINGFELLOW                                                              DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, Jean Paul Thiel, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 23, 2007. He proceeds pro se and *in forma pauperis*. At the time he filed the action, the plaintiff was incarcerated at the Miller County Correctional Facility.

Since April 26, 2007, all mail sent by the court to the plaintiff has been returned as undeliverable with a notation that he was no longer incarcerated at the Miller County Correctional Facility. The plaintiff has not contacted the court and has not kept the court advised of his current address.

The court has attempted to locate the plaintiff's current address through utilization of various Internet websites and also contacted the plaintiff's probation officer. However, the court has been advised that plaintiff never reported to his probation officer when released from the Miller County Correctional Facility.

Local Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas provides in part as follows:

> Parties appearing *pro se*. It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently.

Plaintiff has failed to monitor his case or to keep the court informed of his address. As noted above, all mail sent to the plaintiff since April has been returned to the court as undeliverable. I therefore recommend that the case be dismissed based on his failure to prosecute the case and his failure to obey the rules of the court requiring him to keep the court informed of his current address.

**Thiel has ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Thiel is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 24th day of July 2007.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE